UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-0388-CVE |
| | ) | |
| SERGIO RUBEN RIVERA-RAMOS, | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION AND ORDER

Before the Court are plaintiff's Rule 16 notice of intent to call expert witnesses (Dkt. # 48) and defendant's response in objection to plaintiff's rule 16 notice (Dkt. # 56). On November 3, 2021, a grand jury returned a five-count superseding indictment charging defendant with possession of a firearm by an alien illegally in the United States (count 1); possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of heroin (count 2); possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count 3); possession of a firearm in furtherance of a drug trafficking crime (count 4); and using and maintaining a drug-involved premises (count 5). Dkt. # 32. On November 9, 2021, plaintiff provided its Fed. R. Crim. P. Rule 16 notice of its intent to call Drug Enforcement Administration (DEA) special agents (SA) Darren Glanz and Taylor Wilson. Dkt. # 48. Plaintiff's notice included the DEA agents' qualifications, bases and reasons for opinions and their anticipated testimony. Dkt. # 48, at 1-2. In its response (Dkt. # 56) defendant objects to the admission of SA Glanz and SA Wilson's anticipated testimony because it is cumulative, prejudicial, and fails Daubert.

I.      **Cumulative and Prejudicial Expert Testimony**

Defendant argues that he anticipates that "the proposed experts will testify that drug traffickers: store drugs in plastic baggies for distribution; use scales to weigh drugs; communicate by telephone; and use coded language. All of this information is within a juror's knowledge. . . . Thus, allowing an expert to bolster the Government's case is cumulative and prejudicial." Dkt. # 56, at 3. Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Plaintiff states in its notice (Dkt. # 48) that SA Glanz "will testify about indicators of illicit drug operations, coded language used by traffickers, and other factors relevant to drug distribution[.]" Dkt. # 48, at 2. SA Glanz "will further testify that he searched the defendant's bedroom and recovered evidence from that bedroom." Id. at 1-2. And, SA Wilson "will testify about illicit drug operations, coded language used by drug traffickers, the retail value of heroin in the Northern District of Oklahoma, packaging paraphernalia common among drug distributors, common tools of the drug trade" such as scales, cutting agents, and firearms, and so forth. Id. at 2. Defendant is charged with possession with intent to distribute (counts 2 and 3); possession of a firearm in furtherance of a drug crime (count 4); and using and maintaining a drug involved premises (count 5). A reasonable juror may not have enough familiarity with the mechanics of the drug trade to recognize common indicators of the intent to distribute, for example. The DEA experts' testimony will help the jury understand the various indicators of the illicit drug trade and provide important context for the jury to weigh the evidence.

Moreover, "[c]umulative evidence is defined as evidence which goes to prove what has already been established by other evidence." Smith v. Sec'y of N.M. Dep't of Corr., 50 F.3d 801, 829 (10th Cir. 1995) (internal quotations omitted). SA Glanz and SA Wilson's testimony does not go to prove what has already been established by other evidence; rather, as plaintiff's notice states, SA Glanz was present during the search of the residence, in addition to having specialized knowledge and expertise, while SA Wilson will testify as to the retail value of heroin, packaging paraphernalia, and common tools of the drug trade. Dkt. # 48, at 1-2. The experts' testimony adds personal observations, context, and nuance. Therefore, the Court is not persuaded by defendant's argument that the experts' testimony is cumulative to the evidence recovered from the searched residence. In sum, any prejudice to the defendant does not substantially outweigh the probative value of the experts' testimony, which provides first-hand knowledge of the searched residence, with respect to SA Glanz, as well as his knowledge and expertise as to indicators of the illicit drug trade with respect to both experts.

## II.     Admissibility of Plaintiff's Expert Testimony under Daubert

Next, defendant argues that plaintiff's anticipated expert witness testimony fails Daubert because it is not based on sufficient facts and data, and it is "not the product of reliable principles and methods because it is not based on sufficient facts or data[.]" Dkt. # 56, at 3-5. Fed. R. Evid. 702, which governs the admissibility of expert witness testimony, provides, in pertinent part:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts and data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Further, the Supreme Court has found that, pursuant to Rule 702, the Court performs a "gatekeeping role . . . of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). The objective of this "gatekeeping requirement . . . is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practices of an expert in the relevant field." Kumho Tire Co., Ltd. V. Carmichael, 526 U.S. 137, 152 (1999). Tenth Circuit precedent is clear that a district court must exercise its gatekeeper function, but a party does not have any entitlement to any particular method in which the Court performs this function. United States v. Nacchio, 555 F.3d 1234, 1245 (10th Cir. 2009). While a Daubert hearing may be preferable in some cases, such a hearing is not required and a Court may satisfy its gatekeeper function in other ways. United States v. Blake, 284 Fed. App'x 530 (10th Cir. 2008).

The Court cannot pre-judge, pursuant to Rule 702, the admissibility of SA Glanz and SA Wilson's testimony before trial. The Court's ruling on the admissibility of SA Glanz and SA Wilson's testimony will depend heavily on the context in which it is offered at trial, namely, the sufficiency of the facts and data upon which the experts rely for their testimony, the reliability of the bases and reasons for their opinions, and the extent to which their testimony is helpful to the jury.

See Fed. R. Evid. 702.  Thus, defendant may raise any improper opinion objections as to SA Glanz and SA Wilson's testimony at trial.

**DATED** this 19th day of November, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE